UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MAURICE SCHANTA CARSON,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

_____/

Case No. 1:23-cv-657

Honorable Paul L. Maloney

## **OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Maurice Schanta Carson ("Defendant")'s *pro se* amended and second amended motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 8, 9.) For the reasons set forth below, Defendant's amended § 2255 motion (ECF Nos. 8, 9) will be denied.

**I.    Background**

On April 14, 2021, a grand jury returned an Indictment charging Defendant with: (1) two counts of possession with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 841(a)(1); (2) two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (3) two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Indictment, *United States v. Carson*, No. 1:21-cr-78 (W.D. Mich.) (ECF No. 5). Following Defendant's arrest, Assistant Federal Public Defender Helen Nieuwenhuis was appointed to represent him. However, on July 21, 2021, attorney Nieuwenhuis filed a motion to withdraw, citing a "breakdown in the attorney-client relationship."

*See* Mot., *id.* (ECF No. 28, PageID.65). Following a hearing, the Court granted that motion, and attorney Geoffrey Upshaw was appointed to represent Defendant. *See* Order, *id.* (ECF No. 34).

On August 4, 2021, a grand jury returned a Superseding Indictment, charging Defendant with the seven counts set forth above, as well as the following three additional counts: (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (2) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Superseding Indictment, *id.* (ECF No. 43).

Shortly thereafter, Defendant, through attorney Upshaw, filed a motion to suppress "all evidence and oral statements made on February 10, 2021[,] as a result of the exigent emergency cell phone ping request." *See* Mot. to Suppress, *id.* (ECF No. 50, PageID.107). Attorney Upshaw also filed a motion to suppress "all evidence seized inside of [Defendant's] Jeep Grand Cherokee on February 3, 2021, and any oral statements made subsequent to his February 3, 2021[,] arrest." *See* Mot. to Suppress, *id.* (ECF No. 53). The Court held a hearing regarding Defendant's motions on October 13, 2021. *See* Mot. Hr'g Tr., *id.* (ECF No. 71). The Court denied the motions in an order entered on October 13, 2021. *See* Order, *id.* (ECF No. 62).

That same day, Defendant entered into a plea agreement in which he agreed to conditionally plead guilty to Counts 1 and Three of the Superseding Indictment, charging him with possession with intent to distribute 50 grams or more of methamphetamine and a quantity of marijuana, and possession of a firearm in furtherance of a drug trafficking crime. *See* Plea Agreement, *id.* (ECF No. 64, PageID.218). Defendant reserved the right to appeal the "adverse determination of his motion to suppress evidence seized from his vehicle on February 3, 2021." *See id.* If Defendant prevailed on direct appeal, he would be allowed to withdraw his guilty plea.

3

*Id.* The plea agreement set forth that Defendant faced a mandatory minimum of 15 years' incarceration, consisting of a 10-year mandatory minimum for Count One and a 5-year mandatory minimum, which must be served consecutively, for Count Three. *Id.* (ECF No. 64, PageID.219–220).

Defendant appeared before the undersigned for his change of plea hearing on October 14, 2021. *See* Change of Plea Hr'g Tr., *id.* (ECF No. 89). On November 12, 2021, attorney Upshaw filed a motion to withdraw premised upon a breakdown in the attorney-client relationship. *See* Mot., *id.* (ECF No. 67). Following a hearing, the Court denied the motion because Defendant stated that he wanted attorney Upshaw to continue representing him in this matter. *See* Order, *id.* (ECF No. 73). On February 22, 2022, the Court sentenced Defendant to 216 months of incarceration on Count One, and sixty months of incarceration on Count Three, to be served consecutively, for a total of 276 months. *See* J., *id.* (ECF No. 85, PageID.431).

Defendant appealed to the United States Court of Appeals for the Sixth Circuit, challenging the denial of his motion to suppress. *See* 6th Cir. Order, *id.* (ECF No. 93). On April 24, 2023, the Sixth Circuit affirmed the denial of the motion to suppress, noting that the search of Defendant's vehicle did not violate the Fourth Amendment. *See id.*

Defendant filed his initial § 2255 motion (ECF No. 1) on June 26, 2023. In an order (ECF No. 3) entered that same day, the Court directed the government to file a response to the motion. On July 11, 2023, Defendant filed an amended § 2255 motion (ECF No. 8), and he filed another amended § 2255 motion (ECF No. 9) one day later. After receiving an extension of time (ECF Nos. 11, 14), the government filed a response (ECF No. 15) to the amended § 2255 motion on September 22, 2023. After receiving an extension of time (ECF Nos. 17, 18), Defendant filed a

4

reply (ECF No. 19) on November 3, 2023. On June 12, 2024, Defendant also filed a supplement (ECF No. 21) to his amended § 2255 motions.

## II.     Analysis

### A.     Legal Standards

#### 1.     Section 2255 Proceedings in General

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

## 2. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

## 3. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

**B.     Discussion**

Defendant's grounds for relief are somewhat difficult to discern. Defendant used this Court's form for filing a § 2255 motion to prepare his first amended § 2255 motion (ECF No. 8), but it appears that the form is missing pages, as Ground One is omitted. In that form, Defendant suggests that counsel was ineffective during plea agreement negotiations because counsel did not provide Defendant "a real notice to the true nature of the charged offenses and elements of each offense." (ECF No. 8, PageID.23.) Defendant contends that because of this, his guilty plea was entered "[i]nvoluntar[il]y, unintelligent[ly], and unknowingly" because he "agreed to conduct of [the] elements that does not provide the conduct to establish a conviction on the charged offenses." (*Id.*)

In his second amended § 2255 motion (ECF No. 9), Defendant provides more argument in support of his claim. Defendant suggests that the United States Supreme Court's decisions in *United States v. Davis*, 588 U.S. 445 (2019), *Rehaif v. United States*, 588 U.S. 225 (2019), and *Bailey v. United States*, 516 U.S. 137 (1995), *superseded by statute as mentioned in Welch v. United States*, 578 U.S. 120 (2016), render his guilty plea unconstitutional (ECF No. 9, PageID.30, 32.) Taken together, Defendant's amended § 2255 motions essentially assert one constitutional violation—ineffective assistance of counsel during the plea process.

To determine whether a guilty plea is valid, the Court must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A constitutionally valid guilty plea must meet several requirements. First, the defendant must be competent to plead guilty. *See Brady v. United States*, 397 U.S. 742, 756 (1970). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a

7

rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). The defendant must also have notice of the nature of the charges against him. *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The defendant must enter the plea voluntarily, i.e., the plea cannot be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750; *see also Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.").

The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett v. Henderson*, 411 U.S. 258, 267–68 (1973); *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel can render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56–57.

The *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *Id.* at 58. In the context of guilty pleas, the first prong of *Strickland* remains the same, and

8

the "second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 58–59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Here, Defendant's suggestion that his guilty plea was not voluntarily and intelligently entered due to ineffective assistance of counsel is belied by the record before the Court. First, when Defendant signed his plea agreement, he did so under the following paragraph:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*See* Plea Agreement, *United States v. Carson*, No. 1:21-cr-78 (W.D. Mich.) (ECF No. 64, PageID.226). Attorney Upshaw signed under the following paragraph:

> I am Maurice Schanta Carson's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*Id.*

Moreover, during the change of plea hearing, Defendant represented that he had received "a full opportunity of discussing his case" with attorney Upshaw, and that attorney Upshaw had fully advised him of his rights. *See* Change of Plea Hr'g Tr., *id.* (ECF No. 89, PageID.448). Defendant indicated that he was satisfied with attorney Upshaw's work and representation. *Id.* The Court then asked the government to summarize the plea agreement, and the government did so. *Id.* (ECF No. 89, PageID.448–454). Defendant stated that the government had accurately summarized

9

the plea agreement. *Id.* (ECF No. 89, PageID.454–455). He noted that attorney Upshaw had reviewed the entire agreement with him before he signed it, and that he had no questions about the agreement. *Id.* (ECF No. 89, PageID.455). At one point, Defendant stated, "I'm grateful and I'm thankful for the prosecutor for giving me the opportunity to take the plea, because otherwise it could be worse." *Id.* (ECF No. 89, PageID.456).

The Court then reviewed Counts One and Three, and Defendant indicated that he understood those charges. *Id.* (ECF No. 89, PageID.456–457). He also understood that for Count One, he faced a mandatory minimum of 10 years and a maximum of life imprisonment. *Id.* (ECF No. 89, PageID.457). As for Count Three, Defendant understood that the Court was required to impose a consecutive term of at least 5 years and up to life. *Id.* (ECF No. 89, PageID.458). The Court also reviewed how the Sentencing Guidelines would be applied, and Defendant indicated his understanding. *Id.* (ECF No. 89, PageID.459).

Defendant then entered his guilty plea. *Id.* (ECF No. 89, PageID.460). The Court summarized the rights that Defendant was giving up by pleading guilty, and Defendant indicated his understanding. *Id.* (ECF No. 89, PageID.460–462). When asked if there had been any threats or force to get him to plead guilty, Defendant responded in the negative. *Id.* (ECF No. 89, PageID.462). Defendant noted that no promises, other than those set forth in the plea agreement, had been made. *Id.* Defendant agreed that he was pleading guilty freely and voluntarily and because he was in fact "guilty of the crimes." *Id.* Defendant indicated that all of the facts set forth in the plea agreement were true. *Id.* (ECF No. 89, PageID.463).

At the end of the change of plea hearing, the Court stated:

I find the plea to be freely and voluntarily entered without promises of leniency or benefit, except as contained in the plea agreement. The Court finds no evidence of force or coercion. The Superseding Indictment as to Counts One and Three are

factually accurate. By his own admission, the defendant is guilty of those crimes. Accordingly, I accept his plea, and he stands convicted thereof.

*Id.*

Here, Defendant "offers no evidence—beyond [his self-serving assertions]—to suggest that his plea was unknowing or involuntary" because of counsel's alleged ineffectiveness. *See United States v. Sturgill*, 761 F. App'x 578, 582 (6th Cir. 2009). Under settled Sixth Circuit authority, Defendant is bound by the statements that he made under oath at the change of plea hearing. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [under Rule 11 of the Federal Rules of Criminal Procedure], 'the defendant is bound by his statements in response to that court's inquiry.'") (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). There is no suggestion here that the Court failed to comply with its obligations under Rule 11. *See United States v. Ataya*, 884 F.3d 318, 323–26 (6th Cir. 2018).

As noted above, Defendant suggests that the Supreme Court's decisions in *Rehaif*, *Davis*, and *Bailey* serve to invalidate his plea. Moreover, Defendant's reliance upon *Davis* and *Rehaif* are misplaced. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 588 U.S. at 237. Here, while Defendant was charged with three separate counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), he did not plead guilty to any of those three counts. *Rehaif* simply does not apply to convictions under § 924(c). *See Wilson v. United States*, Nos. 18-20084, 19-13700, 2023 WL 2580069, at *3 (E.D. Mich. Mar. 20, 2023); *United States v. Nicholson*, No. 13-20764, 2021 WL 5071539, at *14 (E.D. Mich. Mar. 31, 2021) (noting that "the text of § 924(c) has no 'knowledge' requirement about the predicate act"), *R.&R.*

11

*adopted*, 2021 WL 5051640 (E.D. Mich. Nov. 1, 2021), *aff'd*, *Nicholson v. United States*, 78 F.4th 870 (6th Cir. 2023); *United States v. Tatum*, No. CR DKC 13-0492-001, 2021 WL 795158, at *17 (D. Md. Mar. 2, 2021) (concluding that *Rehaif* "is entirely inapplicable to . . . conviction[s] under § 924(c)"); *United States v. Sampo*, No. 3:17-CR-00143-SLG, 2020 WL 7634161, at *4 (D. Alaska Dec. 22, 2020) (noting that § 924(c) does "not have an element of *personal status*; it has an element of the *legal classification* of the underlying crime").

Furthermore, while the Supreme Court's decision in *Davis* concerned a subsection of § 924(c), it too does not apply to Defendant's case. Section 924(c)(1)(A)(i) provides for a mandatory consecutive sentence of no less than 5 years for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States . . . who, in furtherance of any such crime, possesses a firearm." *See* 18 U.S.C. § 924(c)(1)(A)(i). The term "drug trafficking crime" refers to "any felony punishable under the Controlled Substances Act (21 U.S.C. 901 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 706 of title 46." *See id.*, § 924(c)(2). The term "crime of violence" refers to a felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See id.*, § 924(c)(3)(A)–(B). Section 924(c)(3)(A) is referred to as the "elements" clause, whereas § 924(c)(3)(B) is referred to as the "residual" clause.

In *Davis*, the Supreme Court held that § 924(c)(3)(B), the "residual" clause, was unconstitutionally vague. *See Davis*, 588 U.S. at 470. Defendant, however, did not plead guilty pursuant to § 924(c)(3)(B). Instead, Defendant was convicted under § 924(c)(1)(A)(i) for

12

possessing a firearm in furtherance of a drug trafficking crime, not a crime of violence. "*Davis* . . . has no impact on convictions based on the possession of a firearm in furtherance of a drug trafficking crime under . . . Section 924(c)(2)." *United States v. Andrews*, Nos. 1:14-cr-22-3, 1:20-cv-492, 2023 WL 130713, at *3 (S.D. Ohio Jan. 9, 2023). Defendant's guilty plea to possession with the intent to distribute methamphetamine clearly qualifies as a "drug trafficking crime" for purposes of § 924(c)(2). *See id.*

As noted above, Defendant also cites to *Bailey v. United States*, 516 U.S. 137 (1995), as support for his claim. (ECF No. 9, PageID.32.) In *Bailey*, the Supreme Court held that, in order to convict a defendant of using a firearm under § 924(c)(1), the government must show "active employment of the firearm" by the defendant. *Bailey*, 516 U.S. at 144. Three years after *Bailey*, however, Congress essentially reversed *Bailey* by amending § 924(c)(1) to cover possession as well as use. *See United States v. O'Brien*, 560 U.S. 218, 232–33 (2010). Defendant's plea agreement set forth that on February 3, 2021, officers located over 500 grams of methamphetamine and a loaded pistol inside Defendant's backpack upon his arrest. *See* Plea Agreement, *United States v. Carson*, No. 1:21-cr-78 (W.D. Mich.) (ECF No. 64, PageID.220). Defendant possessed the pistol "to protect himself and his drugs." *Id.* (ECF No. 64, PageID.221). Thus, the fact that Defendant acknowledged possession of a firearm while carrying drugs that he intended to sell was sufficient to support his guilty plea to Count Three of the Superseding Indictment.

In light of the foregoing, it is clear that attorney Upshaw clearly reviewed the plea agreement with Defendant before Defendant signed it. Defendant even acknowledged during the change of plea hearing that he was grateful for the plea agreement because things could have been worse. Notably, had Defendant gone to trial and been convicted of all counts, he would have received a mandatory 5-year sentence for each § 924(c) charge, for a total of 15 years, to be served

13

consecutively to any other sentence received. Furthermore, Defendant's reliance upon *Rehaif*, *Davis*, and *Bailey* is misplaced. In sum, Defendant has failed to demonstrate that his plea was unknowing and involuntary. Defendant, therefore, is not entitled to relief on his § 2255 motion. Furthermore, because the record conclusively establishes that Defendant is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate

of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 8, 9) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   November 5, 2024                        /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge